UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAOMI VALDEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3386 |
| | § | |
| AUTOZONE INC., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court is plaintiff's motion to compel arbitration. Dkt. 3. After considering the parties' filings and the applicable law, the court determines that the motion should be GRANTED IN PART.

Plaintiff Naomi Valdez filed suit in state court against her former employer, Autozone, Inc. ("Autozone"), alleging sex and disability discrimination. Dkt. 1-1 at 3. Both parties agree that Autozone's Occupational Injury Benefit Plan contains an enforceable arbitration provision. Dkts. 3, 4. However, they disagree about whether the arbitration provision covers all of plaintiff's claims asserted in this case. Plaintiff argues that all of her claims are subject to arbitration while defendant argues that plaintiff's claims of sex discrimination, sexual harassment, retaliation, and hostile work environment are not covered by the arbitration clause, which is limited to claims made "in connection with a job-related injury." Dkt. 4-1 at 8.

This court will not decide whether the claims are covered by the provision, because the contract between the parties also states that "[t]he determination of whether a claim is covered by this Section shall also be subject to mediation and arbitration under this Section." *Id.* at 9. Defendant acknowledges this provision and claims that it is not opposed to arbitrating the question

of arbitrability. Plaintiff acknowledges it as well but claims that defendant has waived its right to assert this provision because of its initial refusal to arbitrate the entire case. Dkt. 5. Defendant's argument that certain of plaintiff's claims are not subject to arbitration is not sufficient to deprive it of the right to assert application of the arbitration clause to other claims—including the arbitrability of the disputed claims.

A party waives its right to arbitration when it "substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986). Defendant has not substantially invoked the judicial process, and plaintiff has not shown detriment or prejudice. This case was initiated by plaintiff and has been pending for fewer than four months. Accordingly, the court determines that defendant has not waived its right to arbitrate the question of arbitrability.

Plaintiff's motion to compel arbitration is GRANTED IN PART. The parties are ORDERED to submit the question of arbitrability of plaintiff's claims to an arbitrator pursuant to the terms of the agreement between the parties. The parties are ORDERED to arbitrate any claims that the arbitrator determines are subject to the arbitration agreement. Any claims not covered by the agreement, as determined by the arbitrator, may be litigated in this court. This case is administratively CLOSED pending arbitration, and will be reinstated upon motion of the parties and a determination by the court.

Signed at Houston, Texas on February 17, 2015.

_____
Gray H. Miller
United States District Judge